IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MAURICE CAIN #1862514 | § | |
| v. | § | CIVIL ACTION NO. 6:15cv206 |
| STEPHEN BLACK, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Maurice Cain, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are the Mayor and Chief of Police of Tyler, Texas, as well as City of Tyler police officers Stephen Black and Joshua Hill.

Cain complained of an incident which occurred on March 7, 2012. He signed his lawsuit on March 4, 2015. The Magistrate Judge ordered Cain to show cause why his petition should not be dismissed as barred by the statute of limitations. See *Day v. McDonough*, 547 U.S. 198, 210, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006); *Juarez v. Anderson*, 598 F.App'x 297, 2015 U.S. App. LEXIS 4718 (5th Cir., March 23, 2015) (applying *Day* to civil rights cases). Cain was placed on notice that failure to respond to this order could result in the dismissal of his lawsuit with prejudice as time-barred. Although Cain received a copy of this order on November 6, 2015, he did not file a response.

On January 11, 2016, the Magistrate Judge issued a Report recommending that Cain's lawsuit be dismissed with prejudice as barred by the statute of limitations. In his objections, Cain states that he has been incarcerated since May of 2013 and he is currently in a substance abuse treatment program. He states that he was "unaware of the lack of effort by my retained counsel." Cain

1

explained that Sten Langsjoen and a court-appointed attorney, Jim Huggler, "offered to deem no assistance in the matter to assist me in trying to appeal the decision, or assist me in a counter-lawsuit, or criminal assistance in my case of police brutality."

Cain goes on to complain that Langsjoen withheld some of his evidence and refused to answer the phone calls of his brother Billy Cain. He claims that Langsjoen told him to wait until a judgment was handed down and he would work on filing a civil suit on Cain's behalf, but never did.

As a general rule, issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001). Cain failed to respond to the order to show cause why his complaint should not be dismissed as barred by limitations, and has now raised his defense to limitations for the first time in his objections. As a result, his argument is not properly before the Court.

Even were Cain's claim of attorney misconduct properly before the Court, he has failed to show a valid basis to set aside the Magistrate Judge's Report. He alleges in effect that his attorneys provided inadequate representation in a civil matter by failing to bring a lawsuit despite promising to do so, but there is no constitutional or statutory right to effective assistance of counsel in a civil case. *McGiffin v. Pomykal*, civil action no. V-05-019, 2007 WL 2688509 (S.D.Tex., September 11, 2007) (stating that "the fact that the plaintiff may have been misinformed by an attorney regarding the prosecution of his civil rights case does not warrant relief because there is no constitutional or statutory right to effective assistance of counsel in such proceedings"), *citing Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980); *Ladson v. New York City Police Department*, 614 F.Supp. 878, 879 (S.D.N.Y. 1985) (lawsuit dismissed as time-barred where counsel failed to timely bring suit based on a "law office failure").

Cain fails to show that he actively pursued his judicial remedies during the statutory period or that he was induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. *See Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). Instead, he shows no more than "a garden variety claim of excusable neglect," which is not sufficient to invoke the doctrine of

2

equitable tolling. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 97, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239-40 (5th Cir. 2010). Cain has failed to demonstrate that the Magistrate Judge erred in determining that his lawsuit is barred by the statute of limitations.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 17) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted, in that it is barred by the statute of limitations. It is further

**ORDERED** that the Clerk shall send a copy of this Opinion to the Administrator of the Strikes List for the Eastern District of Texas. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**SIGNED this 9th day of February, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE